Michael B. Kramer [MK 7071]
Rubin J. Ginsberg [RJ 8978]
Morgan E. Downer [MD 3575]
MICHAEL B. KRAMER & ASSOCIATES
150 East 58th Street
New York, New York 10155
(212) 319-0304

*Attorneys for Plaintiff*
*ABKCO MUSIC, INC.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ABKCO MUSIC, INC.,

       Plaintiff,

 -against-

DWAYNE MICHAEL CARTER, JR. p/k/a
LIL WAYNE, NICHOLAS MARK WARWAR
p/k/a STREETRUNNER, JASON
DESROULEUX, CASH MONEY RECORDS,
INC., UNIVERSAL MOTOWN REPUBLIC
GROUP, UNIVERSAL MUSIC GROUP
RECORDINGS, INC., YOUNG MONEY
PUBLISHING INC., WARNER-TAMERLANE
PUBLISHING CORP.,WARNER/CHAPPELL
MUSIC, INC., and EMI GROUP LTD.,

       Defendants.
------------------------------------------------------------X

Case No.: 08 CV 6573 RMB

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR PRELIMINARY INJUNCTIVE RELIEF**

## **PRELIMINARY STATEMENT**

Plaintiff, ABKCO Music, Inc. (hereinafter "ABKCO" or "Plaintiff"), respectfully submits this Memorandum of Law in support of its motion which seeks and order, <u>inter alia</u>, pursuant to Rule 65 of the Federal Rules of Civil Procedure and the Court's inherent and equitable powers, during the pendency of this action:

(a)     Enjoining and prohibiting the Defendants, their officers, agents, servants, employees and attorneys and all persons in active concert and participation with them from further use of any portion, or the music and lyrics, in any media, of the musical composition entitled "Play With Fire" (the "Composition"), written by the original members of the Rolling Stones, Michael Phillip ("Mick") Jagger, Keith Richards, Bill Wyman, Brian Jones, and Charlie Watts, using the nom de plum / d/b/a Nanker Phelge, including but not limited to, manufacturing, copying, distributing (via traditional retail channels or digital means and methods) and commercially exploiting the phonorecord entitled "Tha Carter III" (the "Infringing Album") performed, in whole or in part, by the artist known as "Lil Wayne" which contains a musical composition entitled "Playing With Fire" (the "Infringing Work");

(b)     Recalling for destruction all copies of the Infringing Album containing the Infringing Work;

(c)     Awarding to the Plaintiff costs, attorneys' fees and such other and further relief as this Court may deem just and proper.

It is a matter of well established law that where, as here, the owner of a copyright in a musical composition can demonstrate that it is suffering irreparable harm (which is presumed in copyright infringement actions) and has a likelihood of prevailing on the merits of a claim of copyright infringement under the Copyright Act (17 U.S.C. §101 et. seq.) a preliminary injunction should issue to prevent further infringement of its copyright during the pendency of litigation. Moreover, it is similarly clear that the Court may in its discretion, order a recall of the work which infringes upon a Plaintiff's copyright interest, for to do otherwise would be to allow a non-compensable harm to continue and thereby reward the illicit acts of a copyright infringer.

It is undeniable that ABKCO is the legal and legitimate owner of the copyright in the Composition which was written by the world renowned original members of the Rolling Stones. It is likewise evident that Defendants have, without legal right, recorded, copied, distributed, and commercially exploited a composition known as "Playing With Fire" (the "Infringing Work") which substantially and materially infringes upon ABKCO's copyright in the Composition Not only is this infringement described in detail in a musicologist's report submitted to this Court in connection with this motion, but is so obvious that the derivative nature was described in The Chicago Sun Times and the New York Times in reviewing the Infringing Album. Furthermore, prior to releasing the Infringing Work certain Defendants sought permission from ABKCO to incorporate potions of the Composition into a predecessor version of the Infringing Work. Such permission was categorically denied by ABKCO in February 2008 when it was furnished with the lyrics of the Infringing Work. The basis for such rejection was in no small part owing to the fact that ABKCO believed that the Infringing Work, if released, could be potentially harmful to the reputation of the Composition and the Rolling Stones.

The infringement by the Defendants of the Composition through the commercial exploitation of the Infringing Work constitutes not only an unauthorized act of copyright infringement, but given the offensive lyrics contained in the Infringing Work, causes damage to the reputation of ABKCO as well as the members of the Rolling Stones, by virtue of the clear impression given to the public that ABKCO and/or the Rolling Stones were willing to allow its classic musical composition to be exploited in an offensive manner in return for financial compensation. As this belief is contrary to the facts, the failure to enjoin Defendants in the manner requested by the present motion will cause irreparable harm to ABKCO.

The facts underlying this action are contained in the affidavits submitted herewith and are incorporated herein by reference.

# ARGUMENT

## ABKCO SHOULD BE AWARDED PRELIMINARY INJUNCTIVE RELIEF BARRING DEFENDANTS FROM FURTHER COPYRIGHT INFRINGEMENT DURING THE PENDENCY OF THIS ACTION

I.  Standard For Preliminary Injunction

It is a matter of statutory law that a party seeking the issuance of a preliminary injunction must demonstrate: (i) the existence of irreparable harm which would occur in the absence of the issuance of injunctive relief; (ii) either: (a) a likelihood of success on the merits; or, (b) sufficiently serious questions going to the merits to make them a fair ground for litigation combined with a balance of hardships tipping decidedly in the moving parties favor. See, ABKCO Music Inc. v. Stellar Records, Inc., 96 F.3d 60 (2d Cir. 1996); Feiner and Company Inc. v. Turner Entertainment Co., 98 F.3d 33 (2d Cir. 1996); NXIVM Corp. v. The Ross Institute, 364 F.3d 471 (2d cir. 2004).

It is well settled law that where: (i) the issuance of a preliminary injunction will alter, rather than maintain, the *status quo*; or, (ii) the injunction sought will provide the movant with substantially all the relief sought and that relief cannot be undone even if the defendant prevails at a trial on the merits, the moving party must meet the standard of "clear" or "substantial" showing of a likelihood of success. See e.g., Jolly v. Coughlin, 76 F.3d 468, 474 (2d Cir. 1996). Notably however, it has been found by the Second Circuit Court of Appeals that the issuance of a recall order may be reviewed under "plain preliminary injunction analysis" and not the aforementioned heightened standard for mandatory injunctions. PEM-America v. Sunham Home Fashions, LLC., 83 Fed. Appx 369 (2d Cir. 2003)(citing to Nabisco, Inc. v. PF Brands, Inc., 191 F.3d 208, 212 [2d Cir. 1999]).

The decision of whether or not to grant injunctive relief is within the vast discretion of the court. See e.g., LeBlanc-Sternberg v. Fletcher, 67 F.3f 412 (2d Cir. 1995). Pursuant to that discretion, a court exercising its equitable powers may provide whatever relief is necessary and proper to do complete justice under the circumstances between the parties. See, Chambers v. NASCO, 501 US 32, 111 S. Ct. 2123, 2132-33, 115 L.Ed.2d 27 (1991); Sheehan v. Purolator Courier Corp., 676 F.2d 877 (2d Cir. 1981).

It is respectfully submitted that for the reasons set forth below as well as in the affidavits and exhibits submitted herewith ABKCO has met the above standard for the award of preliminary injunctive relief.

II.  ABKCO has Shown a Clear Likelihood of its Success on the Merits of its Claim of Copyright Infringement

It has long been held that in order to establish a *prima facie* claim for copyright infringement a party must demonstrate that: (i) it owns a valid copyright interest in the work being infringed; and, (ii) the infringing party has violated at lease one of the exclusive rights granted by the Copyright Act (17 U.S.C. §101 et. seq.) to the owners of the copyright in said work. See generally, Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 109 (2d Cir. 2001); Hamil America, Inc. v. GFI, 193 F.3d 92, 98 (2d Cir. 1999); Hasbro Bradley, Inc. v. Sparkle Toys, Inc., 780 F.2d 189 (2d Cir. 1985)(finding that "A prima facie case of copyright infringement consists of proof that the plaintiff owns a valid copyright and the defendant has engaged in unauthorized copying").

A certificate of registration from the United States Register of Copyrights is *prima facie* evidence of ownership of a valid copyright. 17 U.S.C. § 410(c); Hamil America,

Inc., 193 F.3d at 98 (finding that alleged infringer bears the burden of rebutting copyright validity).

Here, ABKCO is the holder of a valid Certificate of Copyright Registration with respect to the Composition, and therefore has placed sufficient evidence to this Court of its ownership of the copyright in the Composition. It is further clear that Defendants have knowingly and willfully infringed upon the exclusive copyright in the Composition by having recorded, copied, distributed and sold the Infringing Work and the Infringing Album[1], which by altering the lyrics of the Composition constitutes a work which can not be protected as a derivative work "except with the express consent of the copyright owner." 17 U.S.C. §115(a)(2).

Proof of the clear and substantial likelihood of ABKCO's success on the merits of this case[2] is further illustrated by the fact that certain Defendants did, in the past, request permission to incorporate portions of the Composition into an instrumental version of the Infringing Work, and subsequently, requested permission to incorporate substantial portions of the Composition in the Infringing Work itself. Only upon ABKCO making clear that it would not consider grating permission for the Defendants to use the Composition in the Infringing Work under any circumstances did Defendants resort to willful copyright infringement in order to carry out its goals.

The Infringing Work as published, recorded and distributed by Defendants constitutes an obvious infringement upon the copyright in the Composition. As The Chicago Sun Times stated with respect to the Infringing Work:

---

[1] It bears noting that the Infringing Work is not subject to the compulsory mechanical licensing provision of the Copyright Act (17 U.S.C. §115) in that expressly exempted from such compulsory license provision are works like the Infringing Work which "change the basic melody or fundamental character of the work."

[2] It is respectfully submitted that although the "clear and substantial" standard does not apply to the injunction requested herein (See, Pem-America Inc. v. Sunham Home Fashions, LLC., supra), ABKCO has nonetheless met this heightened standard.

> "But other tracks that are fun lyrically are dragged down by lazy musical backings ("Dr. Carter," where Weezy's operating-room spoof suffers from producer Swizz Beat's lazy lift of a straight David Axelrod riff) **or vice-versa. ("Playing with Fire," Streetrunner's re-invention of the Rolling Stones' "Play With Fire" in collaboration with old-school soul singer Betty Wright, is wasted on a Lil Wayne lyric that seems to have been devoted to being as inanely sexist as possible.**" [emphasis added].

Similarly, on June 10, 2008, the New York Times noted the clear derivative nature of the Infringing Work in its review of the Infringing Album, stating that "There's rock in 'Playin' With Fire,' which remakes the Rolling Stones' 'Play With Fire' as a mixture of come-on and death wish..."

Given the foregoing, it is submitted that ABKCO not only has met its burden of showing a general likelihood of success on the merits in this action, but further, has shown a "clear" and "substantial" likelihood of success on the merits of its claims.

III.    <u>ABKCO Will Suffer Irreparable Harm In The Absence Of A Preliminary Injunction</u>

It has long been established that a showing of "irreparable harm" requires that a party demonstrate that it will suffer an injury for which a monetary award cannot be adequate compensation.. See, <u>Jackson Diary, Inc. v. H.P. Hood & Sons, Inc.</u> 596 F.2d 70, 72 (2d Cir. 1979).

Importantly, it is clear that where preliminary injunctive relief is sought to enjoin the infringement of a copyright in a musical composition irreparable harm is to be presumed once a likelihood of success on the merits has been established. See, <u>ABKCO Music, Inc. v. Stellar Records, Inc.</u>, 96 F.3d 60, 64 (2d Cir. 1996)(finding that "when a copyright plaintiff makes out a prima facie showing of infringement, irreparable harm may be presumed."); <u>Feiner</u>

& Company Inc., 98 F.3d at 34; Lennon v. Premise Media Corp., 2008 U.S. Dist. LEXIS 42489 (S.D.N.Y. 2008). As explained by the court in Rosenfeld v. W.B. Saudners, 728 F. Supp. 236, 246-247 (S.D.N.Y. 1990), *aff'd* 923 F.2d 845 (2d Cir. 1990):

> "In copyright infringement cases, the standard of issuance of injunctive relief is less rigorous than the traditional inquiry into irreparable harm and likelihood of success on the merits. A copyright plaintiff need not set forth a detailed showing of irreparable harm to obtain a preliminary injunction. Rather, the general rule in the Second Circuit is that a prima facie case of copyright infringement raises a presumption of irreparable harm." [citations omitted].

Even in the absence of the aforementioned presumption of irreparable harm, ABKCO has amply demonstrated that irreparable harm already has occurred and, in the absence of an injunction issued by this Court, will continue to flow from Defendants' unauthorized distribution of the Infringing Album. Irreparable harm is harm "which is actual and imminent, not remote and speculative, and may only be demonstrated where the amount of damages will be largely indeterminate, or not precisely calculable in monetary terms." Twentieth Century Fox Film Corp. v. Marvel Enters., Inc, 155 F. Supp.2d 1, 27-28 (SDNY 2001), *aff'd in part*, 227 F.3d 253 (2d Cir. 2002). Moreover, to find that monetary damages would be sufficient to compensate ABKCO "effectively would change the careful legislative compromise that is embodied in Section 115 of the Act by having the courts impose what amounts to a compulsory license where Congress refused to do so." See, Cherry River Music Co. v. Simitar Entertainment, Inc., 38 F. Supp.2d 310, 317 (SDNY 1999).

There can be no question about the immediacy of the harm to ABKCO. The negative press to ABKCO and The Rolling Stones, including charges of authorizing, licensing, or allowing an exceedingly sexist version of the Composition, amply demonstrates the

irreparable harm being done to ABKCO[3]. Defendants' use of the Composition tarnishes the reputation of: (i) one of rock and roll's classic songs; (ii) ABKCO; and, (iii) the individual members of the Rolling Stones. Additionally, Defendants' use of the Composition undermines ABKCO's business reputation in the music and recording industries.

Defendants' infringing activity wrongfully deprives ABKCO of their leverage as the lawful and exclusive owner of the Composition. In <u>Dynamic Solutions, Inc. v. Planning & Control, Inc.</u>, 646 F. Supp. 1329 (SDNY 1986), a computer software company moved for a preliminary injunction enjoining defendant consulting company from further use of the plaintiff's software programs. The court issued a preliminary injunction upon finding that defendant's continued unauthorized use of plaintiff's copyrighted computer programs "satisfies the irreparable harm requirement even without the benefit of this presumption." <u>Id.</u> at 1337. Specifically, the court found that defendant's infringing activity deprived the plaintiff of its leverage as sole lawful licensor, finding, in pertinent part, that:

> "Defendants contend that DSI has brought this evil upon itself by seeking to terminate PCI's right to use the disputed software. This argument misses the point. Despite the complications arising from these parties' prior dealings, DSI seeks to enforce essentially the same rights that many copyright claimants pray courts to enforce, the right to use the exclusivity of its copyrights as leverage in negotiations with one who, but for lawful license, would be barred

---

[3] The Infringing Work contains lyrics which could be deemed deeply offensive, including verses such as:

> " my hoes say im amazin but i dont listen 2 a lady
> but the bitch say im hot and i say no bitch im blazin
> like wat the f**k u expect ima muthafuccin cajun
> and i feel caged in my mind its like my flow is doin time
> i go crazy inside but when it comes out its fine like wine . . .
>
> . . . wateva she asks me after she licks it
> thats too explicit but y u listenin
> *SNIFFS* i smell smoke and somethin sizzlin
> thats her p*ssy so hey p*ssy play wit p*ssy or play p*ssy"

> from using that work. *The monetary worth of that leverage in such negotiations would be difficult, at best, to determine. That is sufficient to satisfy the irreparable harm requirement.*" [emphasis added].

Id. at 1337; See also, FMC Corp. v. Control Solutions, Inc., 369 F. Supp.2d 539, 574 (EDPA 2005).

By copying and commercially distributing the Infringing Album, Defendants are causing ABKCO irreparable harm that can only be cured by the issuance of a preliminary injunction.

Moreover, to ensure ABKCO is not further harmed by Defendants' conduct, this Court should require Defendants to recall all available copies of the Infringing Album. See, Cherry River Music Co. v. Simitar Entertainment, Inc., 38 F. Supp.2d at 324 (SDNY 1999); Yurman Design, Inc. v. Chaindom Enterprises Inc., 1999 U.S. Dist. LEXIS 18382, 53 U.S.P.Q.2d 1590 (SDNY 1999); Woods v. Universal City Studios, Inc., 920 F. Supp. 62 310, 324 (SDNY 1996).

IV.    The Balance Of Hardships Weighs Heavily in ABKCO's Favor

It is respectfully submitted that the balance of hardships tips decidedly in favor of ABKCO. As noted above, should the infringing activities of the Defendants not be enjoined immediately, ABKCO will suffer damage to its reputations as well as monetary losses that cannot be accurately calculated. Defendants, by contrast, can be compensated monetarily for any loss they may incur as a result of this Court granting ABKCO's motion for injunctive relief. In this regard it should be noted that it has been found in Woods, 920 F.Supp at 65 that "Universal argues that it will suffer considerable financial loss if a preliminary injunction is granted. Copyright infringement can be expensive. The Copyright Law does not condone a practice of

'infringe now, pay later.'" Given this policy, the court in <u>Woods</u> found that an injunction must issue even where it has a "devastating effect" on an infringer's business, otherwise, a "knowing infringer would be permitted to construct its business around its infringement, a result we cannot condone.".

When viewed in light of the probable outcome of this litigation, any loss suffered by Defendants as a result of the issuance of a preliminary injunction, is a loss which the law justifiably may call upon it to bear. Defendants made a calculated decision to license and pay for certain uses and, likewise, freely chose to simply usurp the Composition. If ABKCO is correct, without the injunction, protected and valuable rights will continue to be infringed and full redress rendered virtually impossible. The irreparable harm ABKCO will suffer should the distribution of the Infringing Work and the Infringing Album continue outweighs any hardship to Defendants should the injunction sought by ABKCO issue.

## CONCLUSION

For the reasons set forth herein, ABKCO's motion for the issuance of a preliminary injunction should be granted in all respects.

                    Michael B. Kramer (MK 0792)
                    Michael B. Kramer & Associates
                    Attorneys For Plaintiff
                    150 East 58th Street, Suite 1201
                    New York, New York 10155
                    (212) 319-0304

*Index No:* 08 CV 6573 RMB                                          *Year* **2008**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==================================================================

ABKCO MUSIC INC.,

                                            Plaintiff,

-against-

DWAYNE MICHAEL CARTER, JR. p/k/a LIL WAYNE, NICHOLAS MARK WARWAR p/k/a STREETRUNNER, JASON DESROULEUX, CASH MONEY RECORDS, INC., UNIVERSAL MOTOWN REPUBLIC GROUP, UNIVERSAL MUSIC GROUP RECORDINGS, INC., YOUNG MONEY PUBLISHING INC., WARNER-TAMERLANE PUBLISHING CORP., WARNER/CHAPPELL MUSIC, INC., and EMI MUSIC PUBLISHING,

                                            Defendants.
==================================================================

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT

### MICHAEL B. KRAMER & ASSOCIATES
*Attorneys for* Plaintiff
150 EAST 58TH STREET
SUITE 1201
NEW YORK, NEW YORK 10155
(212) 319-0304

==================================================================

*To:*
*Attorney(s) for*

==================================================================

*Service of a copy of the within*

                                                                                  *is hereby admitted.*

*Dated:*

                                                             *Attorney(s) for*

==================================================================

PLEASE TAKE NOTICE

☐     *that the within is a (certified) true copy of a*
         *entered in the office of the clerk of the within named Court on*

NOTICE OF ENTRY

☐     *that an Order of which the within is a true copy will be presented for settlement to the Hon.*

                                  *one of the judges of the within named Court,*

NOTICE OF SETTLEMENT    *at*
                               *on*                                 20    , *at*         M.

*Dated:*

                                                       **MICHAEL B. KRAMER & ASSOCIATES**
                                                       *Attorneys for* Plaintiff
                                                       150 EAST 58TH STREET
                                                       SUITE 1201
                                                       NEW YORK, NEW YORK 10155
                                                       (212) 319-0304

G:\MBKA\LITBACKS\abkco.v.lil.wayne.doc