Michael B. Kramer  [MK 7071]
Rubin J. Ginsberg [RJ 8978]
Morgan E. Downer [MD 3575]
MICHAEL B. KRAMER & ASSOCIATES
150 East 58th Street
New York, New York 10155
(212) 319-0304

*Attorneys for Plaintiff*
*ABKCO MUSIC, INC.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ABKCO MUSIC, INC.,

                Plaintiff,

  -against-

DWAYNE MICHAEL CARTER, JR. p/k/a
LIL WAYNE, NICHOLAS MARK WARWAR
p/k/a STREETRUNNER, JASON
DESROULEUX, CASH MONEY RECORDS,
INC., UNIVERSAL MOTOWN REPUBLIC
GROUP, UNIVERSAL MUSIC GROUP
RECORDINGS, INC., YOUNG MONEY
PUBLISHING INC., WARNER-TAMERLANE
PUBLISHING CORP.,WARNER/CHAPPELL
MUSIC, INC., and EMI MUSIC PUBLISHING,

                Defendants.
-----------------------------------------------------------X

Case No.:

**AFFIDAVIT OF JODY KLIEN
IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY
INJUNCTIVE RELIEF**

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NEW YORK  )

    JODY H. KLEIN, being duly sworn deposes and states:

    1.    I am the President of the Plaintiff, ABKCO Music & Records, Inc. ("ABKCO"), and have been employed by ABKCO, or its predecessor companies, for almost twenty-seven (27) years. As such, I am fully familiar with all of the facts and circumstances set forth herein.

2. This affidavit is submitted in support of ABKCO's motion which seeks an order, inter alia, pursuant to Rule 65 of the Federal Rules of Civil Procedure and the Court's inherent and equitable powers, during the pendency of this action:

(a) Enjoining and prohibiting the Defendants, their officers, agents, servants, employees and attorneys and all persons in active concert and participation with them from further use of any portion, or the music and lyrics, in any media, of the musical composition entitled "Play With Fire" (the "Composition"), written by the original members of the Rolling Stones, Michael Phillip ("Mick") Jagger, Keith Richards, Bill Wyman, Brian Jones, and Charlie Watts, using the nom de plum / d/b/a Nanker Phelge, including but not limited to, manufacturing, copying, distributing (via traditional retail channels or digital means and methods) and commercially exploiting the phonorecord entitled "Tha Carter III" (the "Infringing Album") performed, in whole or in part, by the artist known as "Lil Wayne" which contains a musical composition entitled "Playing With Fire" (the "Infringing Work");

(b) Recalling for destruction all copies of the Infringing Album containing the Infringing Work;

(c) Awarding to the Plaintiff costs, attorneys' fees and such other and further relief as this Court may deem just and proper.

3. I am informed by counsel that it is a matter of well established law that where, as here, the owner of a copyright in a musical composition can demonstrate that it is suffering irreparable harm (which is presumed in copyright infringement actions) and has a likelihood of prevailing on the merits of a claim of copyright infringement under the Copyright Act (17 U.S.C. §101 et. seq.) a preliminary injunction should issue to prevent further infringement of its copyright during the pendency of litigation. Moreover, it is similarly clear that the Court may in its discretion, order a recall of the work which infringes upon a Plaintiff's copyright interest, where to do otherwise would be to allow a non-compensable harm to continue and thereby reward the illicit acts of a copyright infringer.

4. As discussed in detail below, here it is undeniable that ABKCO is the legal and legitimate owner of the copyright in the Composition which was written by the world renowned

original members of The Rolling Stones. (A copy of ABKCO's Certificate of Copyright Registration in the Composition from the United States Register of Copyrights is annexed hereto as Exhibit "A"). It is likewise evident that Defendants have, without legal right, recorded, copied, distributed, and commercially exploited a composition known as "Playing With Fire" (the "Infringing Work") which substantially and materially infringes upon ABKCO's copyright in the Composition Not only is this infringement described in detail in a musicologist's report submitted to this Court in connection with this motion, but is so obvious that the derivative nature was described in The Chicago Sun Times and the New York Times in reviewing the Infringing Album. (A copy of the musicologist's report is annexed hereto as Exhibit "B")(A copy of the review of the Infringing Album in The Chicago Sun Times is annexed hereto as Exhibit "C")(A copy of the New York Times' review of the Infringing Album is annexed hereto as Exhibit "D").

5. Compounding the egregiousness of the Defendants conduct, prior to releasing the Infringing Work certain Defendants sought permission from ABKCO to incorporate potions of the Composition into a predecessor version of the Infringing Work. Such permission was categorically denied by ABKCO in February 2008 when it was furnished with the lyrics of the Infringing Work. The basis for such rejection was in no small part owing to the fact that ABKCO believed that the Infringing Work was offensive beyond the boundaries of the broadest artistic license, and, if released, could be potentially harmful to the reputation of ABKCO, the Composition and The Rolling Stones who were the original writers of the Composition.

6. The infringement by the Defendants of the Composition through the commercial exploitation of the Infringing Work constitutes not only an unauthorized act of copyright infringement but, given the offensive lyrics contained in the Infringing Work, causes damage to

the reputation of ABKCO as well as the members of The Rolling Stones, by virtue of the clear impression given to the public that ABKCO and/or The Rolling Stones were willing to allow their classic musical composition to be exploited in an offensive manner in return for financial compensation. As this belief is contrary to the facts, the failure to enjoin Defendants in the manner requested by the present motion will cause irreparable harm to ABKCO.

I.  **The Parties**

7. Plaintiff, ABKCO, is a music publishing company founded by legendary music businessman and manager Allen Klein, which has for almost fifty (50) years been one of the most significant and successful independent music publishers in the world. Amongst the vast catalogue of compositions which ABKCO owns are most of the many classic songs written by Mick Jagger and Keith Richards of The Rolling Stones, including "[I Can't Get No] Satisfaction", "Jumpin' Jack Flash", "You Can't Always Get What You Want" and "Gimme Shelter" as well as the entire Sam Cooke catalogue which includes "You Send Me", "Wonderful World", "Another Saturday Night" and "A Change Is Gonna Come".

8. Upon information and belief, Dwayne Michael Carter, JR p/k/a Lil Wayne ("Lil Wayne") is a music performer, writer, and producer. Upon information and belief, Lil Wayne participated in the creation of the Infringing Work, and has performed the Infringing Work for inclusion of his recording of the Infringing Album.

9. Upon information and belief, Nicholas Mark Warwar p/k/a Streetrunner ("Streetrunner") is a music performer, writer, and producer who participated in the creation of the Infringing Work.

10. Upon information and belief, Jason Desrouleaux ("Desrouleaux") is a songwriter who participated in the creation of the Infringing Work.

11. Upon information and belief, Cash Money Records, Inc. ("Cash Money") is a division of Universal Motown Republic Group ("Universal Motown "), which is in turn a division of Universal Music Group Recordings, Inc. ("UMG Recordings") which has at all times relevant hereto sold and/or distributed the Infringing Album, which contains the Infringing Work, in the United States and abroad.

12. Upon information and belief, Universal Motown is a division of UMG Recordings which has at all times relevant hereto sold and/or distributed the Infringing Album, which contains the Infringing Work, in the United States and abroad.

13. Upon information and belief, UMG Recordings has at all times relevant hereto sold and/or distributed the Infringing Album, which contains the Infringing Work, in the United States and abroad.

14. Upon information and belief, Young Money Publishing Inc. ("Young Money") is a division of Warner-Tamberlane Publishing Corp. ("WP Publishing"), which is in turn a division of Warner Chappel Music, Inc. ("WC Music"), and has, at all times relevant hereto, purported to be the owner of all or a portion of the Infringing Work and has created, sold, licensed and otherwise commercially exploited the Infringing Work in the United States and abroad.

15. Upon information and belief, WP Publishing is a division of WC Music and has, at all times relevant hereto, purported to be the owner of all or a portion of the Infringing Work and has created, sold, licensed and otherwise commercially exploited the Infringing Work in the United States and abroad.

16. Upon information and belief, WC Music has, at all times relevant hereto, purported to be the owner of all or a portion of the Infringing Work and has created, sold, licensed and otherwise commercially exploited the Infringing Work in the United States and abroad.

17. Upon information and belief, EMI Music Publishing ("EMI") has, at all times relevant hereto, purported to be the owner of all or a portion of the Infringing Work and has created, sold, licensed and otherwise commercially exploited the Infringing Work in the United States and abroad.

## II. The Composition

18. ABKCO is the owner of the United States copyright (and all copyrights throughout the World) in and to the rock n' roll classic musical composition, "Play with Fire" (the "Composition"), written by the five original members of The Rolling Stones[1], one of the most celebrated bands in the world. The Rolling Stones have over the past forty (40) years sold more than 200 million albums worldwide. In 1986, they were presented with a Grammy Lifetime Achievement Award. In 1989 The Rolling Stones were inducted into the Rock and Roll Hall of Fame, and in 2004 they were ranked number four (4) in *Rolling Stone* Magazine's 100 Greatest Artists of All Time.

19. The Composition has had continuous exposure and radio play since it was written, recorded and released by The Rolling Stones and ABKCO's affiliated company, ABKCO Records in 1965. The Composition was originally released as the b-side to its album mate, "The Last Time", and was later included on the 1965 album *Out of Our Heads*. It was also featured

---

[1] Mick Jagger, Keith Richards, Brian Jones, Charlie Watts and Bill Wyman who used the *nom de plume,* "Nanker Phelge" as their d/b/a.

prominently on the 1971 collection *Hot Rocks*, as well as *Singles Collection: The London Years* and closing the U.S. version of the 1966 collection *Big Hits (High Tide and Green Grass)*. The song was performed live during The Rolling Stones' tours of 1965 and 1966 before being revived for the 1989-1990 Steel Wheels/Urban Jungle Tour. The Composition was recently featured in the 2007 film *The Darjeeling Limited* and appeared on the soundtrack album of that motion picture. ABKCO has also issued synchronization licenses for The Composition for *Shoot The Moon* (1982), *The Heidi Chronicles* (1989), *The Lips of Mick Jagger* (1997), *Time's Up* (2001), and *American Dreams* (2005). The Composition has earned over one million dollars ($1,000,000) in income for ABKCO and the writers and has been embodied on recordings that have sold in excess of 20 million units worldwide.

20.    ABKCO has invested, and continues to invest, substantial sums of money, time, effort and creative talent to create, promote, license and otherwise exploit its extremely valuable and irreplaceable catalogue of musical compositions including the Composition. Over the years, ABKCO has paid millions of dollars in royalties to its writers and has steadfastly protected its interests and the interests of its writers in ABKCO's musical compositions, including the Composition. ABKCO has carefully ensured that the uses of its musical catalogue reflect well on itself and the writers whose legacy is often dependant on protecting those compositions. ABKCO has incurred millions of dollars in legal expense in prosecuting actions against unauthorized users, such as digital download pirates, who have sought to profit from the efforts of ABKCO and ABKCO's writers without approval and/or required compensation. ABKCO and its writers are compensated for their creative effort and monetary investments largely from revenues attributable to: (i) the manufacture or digital downloads of phonorecords to the public; (ii) the public performance of the compositions; and, (iii) license fees from the grant of so-called

synchronization licenses for the use of compositions in commercials and motion pictures. The reputation of ABKCO as a first class music publisher and the duty that ABKCO has to its writers to protect their creations and their reputations require ABKCO's vigilance in prohibiting third parties such as Defendants from tarnishing those creations and reputations with unauthorized appropriations, alterations and exploitations of ABKCO's compositions.

### III. FACTUAL BACKGROUND

21. On or about October 1, 2007, ABKCO was contacted by a representative from EMI (Carlos Hudgins) requesting that its writer/producer, Streetrunner, be authorized to use a sample of the words and music of the Composition in a mostly "instrumental" recording entitled "Don't Play" to be embodied on the Infringing Album (the "Instrumental Version"). ABKCO was supplied with a copy of the Instrumental Version which contained, in the introduction and at the finale, the sampling of the famous chorus of the Composition performed on the Instrumental Version by Betty Wright.

22. On or about October 2, 2007, ABKCO agreed to authorize the Instrumental Version for use in the Infringing Album on the express condition that the copyright Instrumental Version, which would be a derivative of the copyrighted Composition, would be assigned to ABKCO.

23. On or about October 12, 2007, ABKCO sent to Streetrunner and to Carlos Hudgins of EMI an "Agreement and Assignment of Copyright" regarding the Instrumental Version (the "Instrumental Agreement"). ABKCO never received any response to the Instrumental Agreement from the recipients, and the Instrumental Agreement was never executed or returned.

24. On, or about January 12, 2008, ABKCO contacted EMI regarding the status of the Instrumental Agreement. EMI never responded. Instead, on February 11, 2008, EMI contacted ABKCO proposing a new derivative work containing highly explicit and offensive lyrics (the "February 11th Version"). The February 11th Version, like the Instrumental Version, contained substantial portions of the lyrics and music of the Composition at the beginning and the end but, instead of a purely instrumental section in between the uses of the Composition, the February 11th Version contained highly explicit, sexist and offensive lyrics performed by the Defendant, Lil Wayne.

25. Immediately upon review of the new derivative work, ABKCO rejected the use of the Composition in the February 11th Version, as ABKCO would not want ABKCO or its writers associated with such offensive and explicit lyrics and vile content. ABKCO's sent its denial to EMI via email within fifteen minutes of receiving the February 11th Version. (A copy of EMI's email and ABKCO's response are attached hereto as Exhibits "E").

26. ABKCO received no further communication from any of the Defendants.

27. On June 10, 2008, the Infringing Album was released by Defendants containing the Infringing Work performed by Lil Wayne and Betty Wright and with the writers credited as "D. Carter, N. Warwar and J. Desrouleux. Amongst the music publishers of the Infringing Work listed are the Defendants Young Money and Warner-Chappell Music. (A copy of the liner notes to the Infringing Album are attached hereto as Exhibit "F").

28. Prior to creating and/or distributing the Infringing Work, Defendants were fully aware that the Infringing Work would infringe the copyrights of the Composition. Moreover, Defendants have engaged and continue to engage in the business of knowingly and

systematically participating in, facilitating, materially contributing to, and encouraging the unauthorized distribution and performance of the Infringing Work.

29.     The Defendants, or some of them, made a poor attempt to hide their obvious use of the Composition in the Infringing Work by making some changes to the lyrics and music in the introduction and at the end. The middle remained the same as the February 11th Version with the offensive lyrics performed by Lil Wayne. (A copy of the lyrics of the Infringing Work are annexed as Exhibit "G").

30.     On June 22, 2008, ABKCO first learned of the existence of the Infringing Work upon discovering a review of the release of the Infringing Album, which contained the Infringing Work. Significantly, the review, published by the Chicago Sun Times, not only mentioned the Infringing Work as "Streetrunner's re-invention of The Rolling Stones' 'Play With Fire,'" but also commented that the Composition is "wasted on a Lil Wayne lyric that seems to have been devoted to being as inanely sexist as possible." (See, Exhibit "C").

31.     Upon learning of the existence of the Infringing Work, ABKCO immediately retained Anthony Ricigliano, a noted musicologist, to provide his expert opinion as to the similarities between the Composition and the Infringing Work.

32.     On June 30, 2008 Mr. Ricigliano issued his preliminary report as concerning the similarities between the Composition and the Infringing Work. (See, Exhibit "B"). In his report, Mr. Ricigliano observed that:

> "The Lil Wayne & Betty Wright *Playing With Fire* sound recording contains significant similarities in music and lyrics to the composition *Play With Fire* . . . . The unique combination of similar elements in these two compositions **is so striking it indicates that *Playing With Fire* was based upon the composition was based upon the composition *Play With Fire*. Furthermore, these similarities are so obvious and blatant that anyone familiar with *Play With Fire* will immediately recognize**

that **Playing With Fire** was derived from the original composition . . . " [emphasis added].[2]

33. Thereafter on July 9, 2008, ABKCO sent a letter to Defendants, EMI, WC Music, and Universal Motown objecting to their use of the Infringing Work in the Infringing Album. (A copy of said letter is annexed hereto as Exhibit "H").

34. As of this date Defendants have not ceased nor desisted from manufacturing, distributing and commercially exploiting the Infringing Work, with the Infringing Album having already sold approximately One Million Nine Hundred Thousand (1,900,000) copies in the United States. (A copy of the sales figures published by Soundscan is annexed hereto as Exhibit "I"). The Infringing Album was the highest selling album in the United States for the week of June 28, 2008.

35. Plaintiff has commenced this action seeking damages and injunctive relief based upon the Defendants' violation of Plaintiff's rights under the Copyright Act as well as the Lanham Act. (A copy of the Complaint underlying this action is annexed hereto as Exhibit "J"[3]).

---

[2] The following is a comparison of the lyrics of the Composition and the Infringing Work presented side by side. Both of these verses are the first to be sung in each work.

| The Composition | The Infringing Work |
|---|---|
| *[ Verse 1 ]*<br>Well, you've got your diamonds and you've got your pretty clothes<br>And the chauffeur drives your car<br>You let everybody know<br>But don't play with me, cause you're playing with fire | *[ Intro ]*<br>So you've got so ma-ny diamonds,<br>You wear all the finest clothes,<br>And your grill is shining<br>As you're driving down the streets of gold,<br>But you can't, blame, me if I set this stage on fire |

[3] Insofar as the exhibits which are annexed to the Complaint are all independently replicated in the context of the present motion the Complaint attached hereto does not include exhibits.

### IV. In Support of Motion

36. I am informed by counsel that as the holder of the copyright in the Composition, ABKCO has the exclusive rights to, *inter alia*, produce derivative works based on the Composition and to distribute such derivative works to the public. As demonstrated herein, Defendants, and each of them, have made, copied and reproduced the Infringing Work, which is an unlawful derivative work, available for unlawful and unauthorized distribution and performance to the public.

37. I am similarly informed by counsel that injunctive relief should be granted where, as here a party can demonstrate: (i) the existence of irreparable harm which would occur in the absence of the issuance of injunctive relief; (ii) either: (a) a likelihood of success on the merits; or, (b) sufficiently serious questions going to the merits to make them a fair ground for litigation combined with a balance of hardships tipping decidedly in the moving parties favor.

38. Upon information and belief, Defendants have intentionally and deliberately created and distributed the Infringing Work without authorization because they knew that that they would be unable to secure such permission from ABKCO.

39. Defendant's creation and distribution of the Infringing Work are likely to cause the public to believe that ABKCO and The Rolling Stones have given their approval, authorization and endorsement of the explicit, sexist and offensive language featured in the lyrics of the Infringing Work. Absent this Court's enjoining Defendants from continuing in this course of conduct ABCKO will be irreparably harmed.

WHEREFORE, it is respectfully submitted that Plaintiff's motion be granted in all

respects together with such other and further relief as the Court may deem just and proper.

_____
JODY H. KLEIN

Sworn to before me this 23 day of July 2008

_____
Notary Public

ALAN ELLIS HOROWITZ
Notary Public, State of New York
No. 01HO4975100
Qualified in New York County
Commission Expires Nov. 26, 2010